
UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE KIM TAYLOR,<br><br>            Petitioner,<br><br>      v.<br><br>KEVIN R. CHAPPELL, Warden,<br><br>            Respondent. | No. 2:13-cv-00881 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding in forma pauperis and without counsel, in this habeas corpus action filed on May 3, 2013, pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 50 years to life, based on a 2001 conviction for vehicular manslaughter with gross negligence and felony child endangerment, and by application of the three-strikes law to petitioner's prior convictions, entered pursuant to guilty pleas in 1986 and 1991. Petitioner contends that he was denied due process and effective assistance of counsel by his trial attorney's failure to challenge the trial court's reliance on petitioner's prior convictions; petitioner also contends that his trial counsel in the 1986 and 1991 cases provided ineffective assistance by failing to inform petitioner that his guilty pleas could later subject him to a life term if petitioner was again convicted.

////

This matter is before the court on respondent's motion to dismiss, on the grounds that the petition is both successive and time-barred, and that petitioner's claims are noncognizable under Lackawanna v. Coss, 532 U.S. 394, 403-04 (2001).

For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted.

II. Chronology

The relevant chronology in this action is as follows:

1. On August 1, 2001, petitioner was convicted by a jury of vehicular manslaughter with gross negligence and felony child endangerment; on September 20, 2001, petitioner was sentenced to a state prison term of fifty years to life.  (Resp. Lodged Doc. 1.)

2. On March 27, 2003, the California Court of Appeal, Third Appellate District, affirmed the judgment.[1]  (Resp. Lodged Doc. 2.)

3. In a petition filed in May 2003, asserting the same claims (see n.1, supra), petitioner sought review in the California Supreme Court.  (Resp. Lodged Doc. 3.)  The California Supreme Court summarily denied review on June 18, 2003.  (Resp. Lodged Doc. 4.)[2]

Thereafter, petitioner filed six post-conviction collateral challenges, all petitions for writs of habeas corpus.

---

[1] The Court of Appeal rejected petitioner's claims that the trial court erred by (1) admitting evidence that defendant was under the influence of narcotics at the time of the accident; (2) failing to instruct on the elements of vehicular manslaughter without gross negligence; (3) inappropriately responding to a question posed by a the jury during deliberations; (4) sentencing plaintiff on both vehicular manslaughter with gross negligence (for the death of passenger K. Taylor) and child endangerment (as to passenger J. Hughes); and (5) imposing consecutive sentences.  (Resp. Lodged Doc. 2.)

[2] Respondent notes that he was unable to obtain copies of some original filings (see Motion (ECF No. 13 at 2 n.1)); as a result, the precise date of some filings is not available, and their content must be inferred.  The mailbox rule is applied to those available original briefs that were filed by petitioner in pro se; otherwise, the formal date of filing is noted.  See Houston v. Lack, 487 U.S. 266, 276 (1988) ("mailbox rule" establishes the filing date of a habeas appeal as the date petitioner delivers the appeal to prison authorities for purposes of mailing to the court); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike").  The court has determined that the unavailable content of some of the petitions is not material to resolution of the instant petition.

1      4. On February 20, 2004, petitioner filed a petition for writ of habeas corpus in the Butte County Superior Court. (A copy of the petition has not been provided.) The petition was denied on February 25, 2004, on the ground that it was procedurally barred, and on the merits. (Resp. Lodged Doc. 5.) The superior court noted that petitioner had failed to raise his claims on appeal, or demonstrate good cause for such failure, citing In re Walker, 10 Cal. 3d 764, 773 (1974), and In re Clark, 5 Cal. 4th 750, 765 (1993). (Id.)

5. On August 5, 2004, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[3] (Resp. Lodged Doc. 6.)

6. On July 13, 2005, the California Supreme Court summarily denied the petition. (Resp. Lodged Doc. 7.)

7. On April 30, 2012, petitioner filed a petition for writ of habeas corpus in the Butte County Superior Court. (Resp. Lodged Docs. 8, 9.) (A copy of the petition has not been provided.)

8. On May 18, 2012, the Superior Court denied the petition on both procedural and substantive grounds.[4] (Resp. Lodged Doc. 9.)

////

---

[3] Petitioner claimed before the California Supreme Court that trial counsel had rendered ineffective assistance of counsel by: (1) failing to move to strike petitioner's prior convictions; (2) failing to move the court to reduce petitioner's charged offenses from felonies to misdemeanors; (3) failing to investigate the cause of K. Taylor's death; (4) failing to object to the testimony of N. Erkema; (5) ineffective assistance of appellate counsel by failing to raise petitioner's claims of ineffective assistance of trial counsel; (6) denial of due process due to trial court errors in (a) failing to admit evidence of K. Taylor's state of mind; (b) permitting the prosecution to introduce evidence of petitioner's toxicology tests; and (c) permitting the testimony of N. Erkema. (Resp. Lodged Doc. 6.)

[4] On May 18, 2012, the Superior Court denied the petition on the following grounds, as checked on a boiler order: (1) "The facts alleged in the petition, if true, fail to establish a prima facie case for relief. (In re: Duvall (1995) 9 Cal. 4th 464, 474-75.)" (2) "The petition is denied because it asserts claims that were raised, or could have been raised, on appeal. Petitioner has failed to establish an exception to the rule barring reconsideration of such claims. (In re: Harris (1993) 5 Cal. 4th 813, 825-26; In re: Waltreus (1965) 62 Cal.2d 218, 225; In re: Dixon (1953) 41 Cal. 2d 756, 759.)" (3) Petitioner has alleged claims of ineffective assistance of counsel, but has failed to state the prejudice Petitioner alleges resulted from this alleged ineffective assistance of counsel. Prejudice is degined as a 'reasonable probability that a more favorable outcome would have resulted." (In re: Cox (2003) 30 Cal.4th 974, 1020-21.) (Resp. Lodged Doc. 9.)

1      9. On July 23, 2012, petitioner filed another petition for writ of habeas corpus in the Butte
2 County Superior Court. (Resp. Lodged Docs. 8, 10.) (A copy of the petition has not been
3 provided.)
4      10. On August 6, 2012, the Superior Court denied the petition on both procedural and
5 substantive grounds.[5] (Resp. Lodged Doc.10.)
6      11. On September 24, 2012, petitioner filed a petition for writ of habeas corpus in the
7 California Court of Appeal, Third Appellate District. (Resp. Lodged Doc. 11.) This petition
8 contained the claims presented in the instant federal petition, viz., that petitioner was denied due
9 process and effective assistance of counsel by his trial attorney's failure to challenge the trial
10 court's reliance on petitioner's prior convictions for purposes of sentencing; and that petitioner's
11 trial counsel in his 1986 and 1991 cases provided ineffective assistance by failing to inform
12 petitioner that his guilty pleas could later subject him to a life term if petitioner was again
13 convicted of a crime. (Id.)
14      12. On October 4, 2012, the Court of Appeal summarily denied the petition. (Resp.
15 Lodged Doc. 12.)
16      13. On October 15, 2012, petitioner asserted the same claims in a petition for writ of
17 habeas corpus filed in the California Supreme Court. (Resp. Lodged Doc. 13.)
18      14. On December 19, 2012, the California Supreme Court summarily denied the petition.
19 (Resp. Lodged Doc. 14.)
20      15. Meanwhile, on December 14, 2005, petitioner filed a prior federal habeas petition in
21 this court. See Taylor v. Cate, Case No. 2:05-cv-02528 FCD KJM P. (Resp. Lodged Doc. 15.)
22 Petitioner asserted the claims set forth in his August 5, 2004 petition filed in the California
23 Supreme Court. (See n.3, supra.) The petition was denied on the merits on November 16, 2009.
24 (Resp. Lodged Docs. 16, 17.)
25      16. Petitioner filed his instant federal habeas petition on May 1, 2013. (ECF No. 1.)
26 ////

---

[5] On August 6, 2012, the Superior Court denied the petition on the first and third grounds relied on in its May 18, 2012 denial (see n.4, supra). (Resp. Lodged Doc. 10.)

Respondent moves to dismiss the instant petition on the grounds that it is successive and filed beyond the statute of limitations, and because petitioner's claim is noncognizable under Lackawanna, supra, 532 U.S. 394.

III. Successive Petition

Because the instant petition was filed after 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. See Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under AEDPA, a federal court must dismiss a second or successive petition that raises a new ground for relief unless the petitioner can show that: 1) the claim rests on a new and retroactive constitutional right; or 2) the factual basis of the claim was not previously discoverable through due diligence and the new facts establish, by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A),(B).[6]

However, it is not the district court that decides whether a successive petition meets these requirements; the decision rests with the Court of Appeals. See 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

---

[6] As set forth in 28 U.S.C. § 2244:

> . . . (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. . . .

5

court to consider the application."). Hence, petitioner must obtain leave from the Ninth Circuit Court of Appeals before he can file a successive petition in the district court. Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Without this authorization, the district court must dismiss the successive petition for lack of subject-matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

In the present case, as described above, it is clear that the claims asserted in the instant federal habeas petition were not raised in petitioner's prior federal habeas petition, filed in 2005.[7]

For these reasons, the undersigned recommends that this action be dismissed without prejudice. Petitioner may return to this court with a new petition only after he obtains authorization from the Ninth Circuit Court of Appeals.

IV. Statute of Limitations

Respondent contends, alternatively, that the instant petition is untimely filed. The court addresses this matter because it may be pertinent to petitioner's consideration whether to seek authorization from the Court of Appeal to file another habeas petition in this court.

A. Legal Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

This limitations period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus

---

[7] The court may take judicial notice of facts that are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b); United States v. Bernal–Obeso, 989 F.2d 331, 333 (9th Cir. 1993). A court's own records provide a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken thereof. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.);

1  qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable
2  laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Therefore, "[t]he
3  period between a California lower court's denial of review and the filing of an original petition in
4  a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the
5  filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see
6  also Carey v. Saffold, 536 U.S. 214, 220 (2002).  However, "[o]nly the time period during which
7  a [properly filed] round of habeas review is pending tolls the statute of limitation; periods
8  between different rounds of collateral attack are not tolled." Banjo, 614 F.3d at 968 (citation
9  omitted).

10      In addition, the limitations period may be equitably tolled if a petitioner establishes that he
11  diligently pursued his rights but some extraordinary circumstance stood in his way. Raspberry v.
12  Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).  "The high threshold of extraordinary circumstances
13  is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir.
14  2011) (citations and internal quotation marks omitted).

15      B.  Analysis

16      Following the California Supreme Court's denial of direct review on June 18, 2003,
17  petitioner had ninety days (or until September 16, 2003) to file a petition for writ of certiorari in
18  the United States Supreme Court.  Rule 13, Supreme Court Rules.  Because petitioner did not file
19  a petition for writ of certiorari, the one-year limitations period, set forth in 28 U.S.C. §
20  2244(d)(1)(A), commenced to run the day after expiration of the ninety-day period, or on
21  September 17, 2003.  See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct
22  review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a
23  petition for a writ of certiorari from the United States Supreme Court, whether or not the
24  petitioner actually files such a petition."). Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.
25  2001) (citing Fed. R. Civ. P. 6(a)).

26      Therefore, absent any tolling, petitioner had until September 16, 2004, to file a federal
27  habeas petition.  As previously noted, petitioner's first federal petition was filed on December 14,
28  2005.  Significantly, the question whether that petition was timely filed was left unresolved,

7

despite extensive briefing on the question of equitable tolling and a hearing on the matter. Ultimately, "[t]he parties agreed to address the merits of the petition, on the understanding that the question of the statute of limitations may be revisited, if necessary, at a later date." See Taylor v. Cate, Case No. 2:05-cv-02528 FCD KJM P (ECF No. 42 at 1 (filed Feb. 21, 2008)).

Without attempting to resolve the question whether petitioner's first-filed petition was timely, this court will generously assume not only that it was timely-filed, but that, due to statutory and equitable tolling, no portion of the one-year statute of limitations had expired when petitioner filed his previous federal petition on December 14, 2005. So construed, petitioner had until December 14, 2006 to file the instant action.

Petitioner's prior federal action did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Similarly, petitioner's subsequently-filed state court petitions (which he commenced filing in April 2012, long after expiration of the constructive December 14, 2004 deadline to commence the instant action) did not toll the statute of limitations. Even if petitioner mistakenly believed that the denial of his prior federal petition, on November 16, 2009, triggered a new one-year statute of limitations (which it did not), petitioner waited more than two years before filing the instant action on May 1, 2013. Moreover, even if statutory tolling was authorized for the entire period of time when his pertinent state petitions were pending (April 30, 2012, through December 19, 2012), the instant petition was still filed outside the one-year period. There is no apparent basis for finding the instant action timely filed.

Accordingly, the undersigned recommends that this action be dismissed as time-barred under AEDPA's one-year statute of limitations.

V. Cognizability of Claims

Finally, petitioner contends that this action should be dismissed because petitioner's claims are not cognizable under the Supreme Court's decision in Lackawanna.

In Lackawanna v. Coss, 532 U.S. 394, 403 (2001), the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as presumptively valid." If such a conviction is later used to enhance a criminal sentence, the enhanced sentence cannot be challenged in federal habeas proceedings "on the

ground that the prior conviction was unconstitutionally obtained." Id. at 404. The Supreme Court has allowed a petitioner to collaterally challenge a prior conviction only "where there was a failure to appoint counsel in violation of the Sixth Amendment." Id. Here, petitioner concedes that he was represented by counsel in connection with his 1986 and 1991 convictions. Because petitioner was represented by counsel in connection with his prior guilty pleas, the "failure to appoint counsel" exception does not apply, and petitioner is precluded from collaterally attacking his 1986 and 1991 convictions through a Section 2254 petition or, therefore, from challenging the effectiveness of his 2001 trial counsel on that basis. See Lackawanna, 532 U.S. at 406.

Therefore, Lackawanna provides another basis for recommending dismissal of this action.[8]

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13), be granted; and

2. This action be dismissed without prejudice (see n.8, supra).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of

---

[8] Although respondent seeks dismissal with prejudice on this basis, and on statute of limitations grounds, the undersigned will defer to the assessment of the Court of Appeals, should petitioner seek leave to file a successive petition.

9

appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated:  November 21, 2013

*[Signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tayl1881.mtd.hc